CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 16 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TINA L. SINCLAIR, ) | |
| ) | Civil Action No. 5:04CV00093 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Tina L. Sinclair, was born on November 23, 1960. Ms. Sinclair has earned a general equivalency degree. She has worked as a cook and assembler in a factory. Plaintiff last worked on a regular and sustained basis in 2002. On October 15, 2002, Ms. Sinclair filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff

alleged that she became disabled for all forms of substantial gainful employment on August 29, 2002 due to arthritis, degenerative disk disease, eye strain, possible carpal tunnel syndrome, hypoglycemia, drug allergies, and fibromyalgia. Ms. Sinclair now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Ms. Sinclair's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 4, 2002, the Law Judge also ruled that plaintiff is not disabled. The Law Judge found that Ms. Sinclair suffers from back disorders, osteoarthritis, carpal tunnel syndrome, and fibromyalgia. Because of these conditions, the Law Judge ruled that Ms. Sinclair is disabled for all of her past relevant work roles. However, the Law Judge found that plaintiff retains sufficient functional capacity to perform light, unskilled work activities with a sit/stand option and limited general public contact. Given such a residual functional capacity, and after considering Ms. Sinclair's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that plaintiff retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Sinclair is not disabled, and that she is not entitled to benefits under either federal program. See, generally, 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Sinclair has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record in this case is somewhat limited. It seems that plaintiff has a history of low back pain. While objective tests have revealed significant degenerative changes, a clinical evaluation in early 2003 was totally unremarkable. Plaintiff's attending physician has indicated that she is doing fairly well on medication. No doctor has suggested that Ms. Sinclair is totally disabled. The court finds that the medical record supports the Law Judge's determination that plaintiff retains sufficient functional capacity for lighter forms of activity. The court believes that the Law Judge took plaintiff's subjective complaints into account in ruling that she requires a sit/stand option and limited public contact. Given such limitations and restrictions, the vocational expert indicated that Ms. Sinclair could be expected to perform a variety of alternate work roles. The court finds that the vocational expert's assessment, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in this case. The court believes that the Administrative Law Judge properly relied upon the vocational expert's testimony in determining that Ms. Sinclair is not disabled for all forms of work activity. The court

concludes that the Commissioner's final decision in this case is supported by substantial evidence. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, Ms. Sinclair makes several arguments in support of her claims. She first asserts that the Law Judge's assessment of her residual functional capacity is not supported by any evidence in the record in her case. While it appears to be true that no doctors, including the state agency physicians, completed a residual functional capacity questionnaire, the court notes that Dr. Richard Milligan, a consultant who examined Ms. Sinclair in February 2003, completed a neurological evaluation supplement and range of motion form which fully support the Law Judge's finding of residual functional capacity for light exertion. Indeed, Dr. Milligan noted absolutely normal clinical findings. Based on a later MRI study which revealed mild degenerative changes in the lumbar spine with a small right neural foraminal disk causing mild to moderate right neural foraminal stenosis, as well as plaintiff's testimony and subjective complaints, the Law Judge determined that Ms. Sinclair is unable to sit or stand on a prolonged basis. Under 20 C.F.R. §§ 404.1546(c) and 416. 946(c), the responsibility for assessing residual functional capacity at the hearing level is vested in the Administrative Law Judge. The court believes that the record supports the Law Judge's assessment of Ms. Sinclair's residual functional capacity. Indeed, the court finds that the Law Judge gave plaintiff the benefit of the doubt in making this determination.

Ms. Sinclair also contends that the Administrative Law Judge engaged in an impermissible "sit and squirm" evaluation in assessing her claims for benefits. At the hearing, the Administrative Law Judge commented as follows:

> With regard to claimant's demeanor at the hearing, she was able to hear, understand and answered questions and her general appearance suggested no obvious observable signs which could be related to an impairment or pain that would prevent her from

4

performing a [sic] unskilled light level work with a sit/stand option and limited general public contact. (TR 17).

The United States Court of Appeals for the Fourth Circuit has held that a claimant's pain may be disabling even if it is not accompanied by objectively observable symptoms. Brandon v. Gardner, 377 F.2d 488, 490 (4th Cir. 1967). Plaintiff also cites to Tyler v. Weinberger, 409 F.Supp. 776, 789 (E.D.Va. 1976) in support of the proposition that a claimant's pain may be disabling even if the claimant does not "sit and squirm" at the administrative hearing. The court agrees that the Administrative Law Judge may not properly deny a claim for benefits merely because the claimant does not appear disabled at the administrative hearing. On the other hand, the Administriative Law Judge is in a unique position to observe the demeanor and to determine the credibility of the claimant, and the Law Judge's observations in such matters must be given great weight. Shively v. Heckler, 739 F.2d 937, 989 (4th Cir. 1984). In any event, in the instant case, the Law Judge apparently determined that Ms. Sinclair does suffer from some level of discomfort, inasmuch as the Law Judge found that plaintiff requires a sit/stand option. The court concludes that the Law Judge did not limit his consideration simply to plaintiff's appearance at the administrative hearing, and that the Law Judge considered all of the circumstances present in evaluating plaintiff's claims for benefits. Finding no error in the Law Judge's assessment, the court concludes that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Sinclair is free of all pain, discomfort, and weakness. Indeed, the medical record confirms that plaintiff has some degenerative changes and mild central canal stenosis which can be expected to cause lower back symptoms. On the other hand, it must again be noted that the doctors who physically examined

Ms. Sinclair did not note clinical findings consistent with significant structural defect. Once again, no doctor has found that Ms. Sinclair is disabled. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, as previously noted, the court believes that the Law Judge gave Ms. Sinclair the benefit of the doubt in determining that she is unable to engage in prolonged sitting or standing. In short, it follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of May, 2005.

_____
United States District Judge